IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:12 CV 224
(3:09CR117 & 3:04CR97)

JAMES FRANKLIN YARBOROUGH,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

**PETITIONER'S SUPPLEMENTAL MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND REPLY**

NOW COMES, James Franklin Yarborough, Petitioner, by and through counsel, S. Frederick Winiker, III and hereby provides this supplement to his petition, filed April 10, 2012. (DE 1) In addition, Petitioner respectfully requests leave of the Court to allow this pleading be to serve as his reply, pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings, to the response filed by the United States. Mr. Yarborough respectfully requests that the Court enter an order vacating, setting aside or correcting his sentence in this case to a period of imprisonment that would have reflected the original intent of the Court.

**STATEMENT OF THE CASE**

A Motion to Vacate, Set Aside or Correct Sentence (2255) was filed by James Franklin Yarborough on April 12, 2012. (DE 1) The Petitioner alleged that since it was known to the District Court at sentencing that a state sentence would be imposed, the Court failed to exercise its authority to impose a sentence concurrent to the state sentence. The Petitioner relies upon *Setser v. United States,* 566 U. S. \_\_\_\_, 132 S. Ct. 1463 (2012) as authority to support his argument and petition. Pursuant to an Order by the Court, DE 2, the United States filed a Response in Opposition, and a Motion to Dismiss on July 13, 2102. (DE 6 & 7).

On September 24, 2012, the Petitioner, pursuant to Rule 2(b)(5), filed an affidavit in support

of his original petition. (DE 11) That affidavit, as well as the present pleading, alleges an additional ground for relief, rooted in *United States v. Simmons,* that was not originally alleged nor a part of the Court's Order. 649 F.3d 237, 243-45 (4th Cir. 2011). As it was not originally alleged, the petitioner respectfully requests the Court review this additional ground for relief, pursuant to Rule 4. Such argument will be presented in section II of this pleading in a manner sufficient to apprise the Court as to the nature of the claim, but otherwise in a concise, summary fashion.

## BACKGROUND OF THE CASE

On July 7, 2009, the Petitioner pled guilty, pursuant to an Information and Plea agreement, to one count of 18 U.S.C. §922(g), Possession of Firearm by Felon. (*United States v. Yarborough*, 3:09 CR 117) Also pending before the Court at that time were allegations of violations of supervised release, filed on March 23, 2009. (*United States v. Yarborough*, 3:04 CR 97). The supervised release violation petition was supplemented on June 23, 2009 to include allegations of additional charges filed in Mecklenburg County Superior Court, to wit: Common Law Robbery in case number 09 CR S222074, Resisting Public Officer in case number 09 CRS 222075, Assault on Government Official in case number 09 CRS 222076, and Carrying a Concealed Weapon in case number 09 CRS 222077. *Id.* at DE 36.

In fact, the charges in 3:09 CR 117, Possession of Firearm by Felon, resulted from an investigation of pending, North Carolina Superior Court charges: Assault With a Deadly Weapon With Intent to Kill or Inflict Serious Injury, 09 CRS 213320 and First Degree Kidnapping 09 CRS 213323. The state charges, alleged to have occurred on January 22, 2009, resulted in state arrest warrants. The supervised release petition also resulted in a federal warrant. ATF agents, among others, assisted with the investigation and search on March 20, 2009 that yielded the firearms that became the subject for federal prosecution. *United States v. Yarborough*, 3:09 CR 117, DE 8, Presentence Investigation Report, ¶¶ 4 & 37.

However, while arrested on March 30, 2009, the Petitioner did not come into federal custody until June 1, 2009. He was first arrested and held by North Carolina on May 7, 2009. Petitioner's Exhibit A, Inmate Summary, Mecklenburg County Sheriff's Department, May 7, 2009 – March 23, 2010; Petitioner's Exhibit B, *United State v. Yarborough*, 3:04 CR 97, DE 32, Writ Of *Habeas Corpus Ad Prosequendum*, June 1, 2009.

Through coordination with state appointed counsel, Mr. Yarborough accepted responsibility for his offenses and negotiated agreements for guilty pleas in both state and federal matters. On March 26, 2010, Petitioner was sentenced in the United States District Court for the Western District of North Carolina to a term of imprisonment of thirty (30) months for the new criminal offense (3:09 CR 117) to run concurrently to the judgment upon revocation of supervised release of six (6) months (3:04 CR 97). The Court made no announcement regarding pending state charges.

North Carolina then processed and served a Writ Of *Habeas Corpus Ad Prosequendum*, dated June 1, 2010. Petitioner's Exhibit C. However, a notation on that document reads, "Returned unexecuted, [illeg.] returned to state custody 4/13/10." *Id.* The writ originally requested Petitioner for appearance in Superior Court, and then to be returned no later than the conclusion of 'trial.' *Id.*

On July 13, 2010, Petitioner pleaded guilty to three criminal counts and was sentenced to a term of 37-54 months imprisonment. (Mecklenburg County Superior Court, 09 CRS 213320, 23 and 09 CRS 222074). That judgment was silent on whether such sentence should run concurrently to the previously imposed federal term of imprisonment. Petitioner's Exhibit D, *North Carolina v. Yarborough*, 09 CRS 213320, Judgment and Commitment. However, pursuant to North Carolina General Statute §15A-1340.15(a), Multiple convictions, "Unless otherwise specified by the court, all sentences of imprisonment run concurrently with any other

3

sentences of imprisonment." In addition, the terms of the Defendant's plea agreement, as announced in the plea transcript accepted by the North Carolina Superior Court, provided his state sentence would run concurrently to his previously imposed federal sentence. Petitioner's Exhibit E, *North Carolina v. Yarborough*, 09 CRS 213320, Transcript of Plea.

Despite the intention and belief that Petitioner would serve his federal sentence first, he remained in state custody for over thirteen (13) months. A detainer by federal authorities was lodged on August 13, 2010. Petitioner's Exhibit F, Detainer by United States Department of Justice, August 17, 2010. Through application by Petitioner for a state Motion for Appropriate Relief, the state judgment was eventually vacated and his bonds unsecured, allowing him to flow back into federal custody as of August 29, 2011. Petitioner's Exhibit G, *North Carolina v. Yarborough*, 09 CRS 213320, Consent Order.[1]

Currently, the Petitioner's BOP release date is November 2013. However, because he was not allowed to serve his federal sentence first, a North Carolina Department of Corrections detainer remains. While in North Carolina DOC custody for over 13 months from 2010 to 2011, a federal detainer remained, making Petitioner ineligible for state prison programs such as work release. He is currently ineligible for federal prison programs, such as release to a halfway house, with a state detainer pending.

Had the Court exercised its discretion to order not only whether the state sentence run concurrent to the federal sentence, but that the federal sentence be served first, Petitioner would not have lost a year of imprisonment for which he was not able to obtain credit against his federal sentence. Further, upon completion of what was to be his final, state sentence, Petitioner would have been eligible to participate in work release, halfway house release, and other valuable rehabilitative programs.

---

[1] Ultimately, Petitioner pled again to the original state charges and was resentenced to a term of

4

# ARGUMENT

**Petitioner was denied the benefit of valuable rehabilitative programs and served an additional year in a state penitentiary because the Court failed to exercise its discretion not only to order that an unimposed state sentence run concurrently, but that the federal sentence be served prior to the state sentence.**

1. *Setser:* A District Court Does Not Abuse Discretion By Imposing A Consecutive *Or* Concurrent Sentence As It Applies To A State Sentence That Has Yet To Be Imposed

In its recent decision, the Supreme Court in *Setser* considered whether a district court had abused its discretion in a federal drug sentencing when a parallel state prosecution was ongoing. The state cases contemplated not only a new drug charge, but also a sentence for violation of state probation. *Setser*, 132 S. Ct. 1467. The district court imposed a sentence of 151 months to run concurrent to any state sentence that may be imposed for a new drug charge. Otherwise, that federal sentence would run consecutively to any state probation violation sentence. *Id*. at 1466.

In holding the district court did not abuse its discretion, the Supreme Court found that in decisions between when a sentence ends and begins, and whether it may be concurrent or consecutive, the authority to make such a determination does not rest on the executive, but the judiciary. *Id.* at 1468.

> It is fundamental that we construe statutes governing the jurisdiction of the federal courts in light of "the common-law background against which the statutes . . . were enacted," and the same approach is appropriate here, where the issue concerns a matter of discretion traditionally committed to the Judiciary. Judges have long been understood to have discretion to select whether the sentences they

5

impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings.

*Id.* (citations omitted) [2]

Therefore, by omitting how the sentences should be served in this case, the Court imposed a sentence that may be "otherwise subject to collateral attack." 28 U.S.C. §2255.

   2.  Availability of Section 2255 or Other Relief

The Court has previously reviewed letters by Petitioner in this case seeking a correction to his prison credit calculations. (3:09-cr-117, DE 20 & 22) The Court suggested that one remedy might lie in application to the Middle District of North Carolina for a petition pursuant to 28 U.S.C. §2241. In its order in the present case, the Court further suggests Petitioner might also pursue relief through the Bureau of Prisons in the context of 18 U.S.C. § 3582(c)(1)(A).

However, in order for the Court to rule on the merits of Petitioner's claim in this section 2255 setting, it must determine, *inter alia,* whether the nature of the right to have

---

[2] Such finding, that a federal court is in the best position to determine a prisoner's overall sentence, despite the lack of state input, also seems to effectively overrule previous announcements by the Court on the issue of primary jurisdiction.
> The forbearance which courts of coordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between State courts and those of the United States, it is something more. It is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they coexist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other, as if it had been carried physically into a different territorial sovereignty.

6

a district court determine how a federal sentence will be served in conjunction with an unimposed state sentence is retroactively appealable on collateral review. 28 U.S.C. § 2255(f)(3). Retroactive review is normally subject to whether the new right, such as the one announced in *Setser*, is procedural or substantive. As the Government observes, substantive rules are generally considered retroactive. However even procedural rules may be retroactive as well.

> Generally speaking, when the Supreme Court announces "a 'new rule,' that rule applies to all criminal cases still pending on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004) (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)). Where a conviction is "already final, however, the rule applies only in limited circumstances." *Schriro*, 542 U.S. at 351. New procedural rules apply retroactively to cases on collateral review only if they fall within the "small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352.

*United States v. Thomas*, 627 F.3d 534, 537 (4th Cir. N.C. 2010).

The Supreme Court has found such procedural rules to warrant retroactivity when the fundamental fairness of a proceeding is at stake. "The second exception is for "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. …. Although the precise contours of this exception may be difficult to discern, we have usually cited *Gideon v. Wainwright*, 372 U.S. 335 (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception." *Saffle v. Parks*, 494 U.S. 484, 495 (U.S. 1990).

---

*Ponzi v. Fessenden*, 258 U.S. 254, 260-261 (U.S. 1922)

In later rulings, however, the Supreme Court did not limit its holding on *Gideon's* right to counsel merely to the fact-finding stage. Fundamental constitutional rights were also implicated at other stages such as on appeal, *see Douglas v. California*, 372 U.S. 353 (U.S. 1963), and at sentencing, *see* United *States v. Tucker*, 404 U.S. 443, 445-446 (U.S. 1972). The Supreme Court noted that fundamental fairness issues in uncounseled prior convictions at sentencing that "led the trial court to impose a heavier prison sentence than it otherwise would have imposed," can appropriately lead to relief under Section 2255. *Id.* at 445-446.

Even if the Court does not find the new rule in *Setser* to be 'substantive,' that alone does not necessarily act as bar to relief. Due Process, Eighth Amendment concerns and fundamental fairness are all implicated in whether a sentence will be substantially enhanced by a failure of a court to announce how such a sentence should be served. It results in *de facto* consecutive sentence as determined by the executive branches of two jurisdictions, when in fact, the Supreme Court recognizes that it is properly in the role of a United States District Court to make such a determination.

**Section II – Relief from Conviction Based on *Simmons***

In *United States v. Powell*, the Fourth Circuit Court of Appeals has recently issued a decision finding that its previous decision in *Simmons* did not create a new rule that could result in retroactive relief in collateral attack. 2012 U.S. App. LEXIS 17485 (4th Cir. N.C. Aug. 20, 2012). Though it appears the time for a petition for rehearing *en banc* has elapsed, the time for filing a petition for a writ of certiorari has not. Of course, if *Simmons* is ultimately found to be retroactively applicable, Petitioner may have a basis for filing an additional appeal. Nevertheless, Petitioner respectfully presents a highly abbreviated showing for initial review by the Court as grounds for section 2255 review of his current conviction.

On June 3, 1996, Petitioner was sentenced in Mecklenburg County Superior Court, 96CRS16818, to the Class I felony of Possession of Cocaine. He was sentenced as a criminal history category I. Based on NCGS 15A-1340.17(c), the maximum possible sentence he could have received, in the aggravated range, would have been 8-10 months, suspended. At the time, only a sentence of probation was given. Later, upon revocation, he was sentenced to 6 to 8 months imprisonment. Following that sentence, he was later convicted of Possession of Firearm by Felon, 18 U.S.C. 922(g) in 3:98 CR 103, on March 29, 1999. Petitioner was then convicted of that offense in 3:04 CR 97 on February 15, 2005. Ultimately, he was also convicted of that same offense in the instant case. Because his original felony conviction was not a felony, as defined in *United States v. Simmons*, 649 F.3d 237, 243-45 (4th Cir. 2011), and that subsequent charges were based on offenses for which he could not have been convicted without the original, North Carolina conviction, Petitioner requests the Court to strike his judgment and conviction in 3:09CR00117. *See United States v. Yarborough*, 3:09 CR 117, DE 8, Presentence Investigation Report.

THEREFORE the Defendant respectfully requests the Court vacate, set aside or correct his sentence as the fundamental fairness and accuracy of the sentencing of the underlying case was substantially affected by the new rule announced by the Supreme Court.

Respectfully submitted this 25th day of September, 2012.

/s/ S. Frederick Winiker, III
NC State Bar No. 22390
Winiker Law Firm, PLLC
435 East Morehead Street
Charlotte, NC 28202
(Phone) (704) 333-8440
(Fax) (704) 831-5274
swiniker@winikerlaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing was served by electronic delivery upon the following:

Amy Ray
Assistant U.S. Attorney
United States Attorney's Office
Room 233, U.S. Courthouse
100 Otis Street
Asheville, NC  28801
amy.ray@usdog.gov

This the 25th day of September, 2012.

/s/ S. Frederick Winiker, III
NC State Bar No. 22390
Winiker Law Firm, PLLC
435 East Morehead Street
Charlotte, NC  28202
(Phone) (704) 333-8440
(Fax) (704) 831-5274
swiniker@winikerlaw.com