IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:12CV224-MOC
(3:09CR117-1)

| | |
|---|---|
| JAMES FRANKLIN YARBOROUGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO PETITIONER'S MOTION TO VACATE**

In accordance with this Court's order of October 4, 2012, the United States provides this supplemental response to Petitioner's motion to vacate, limiting this response to Issue II, as presented in Petitioner's Supplemental Motion to Vacate, Set Aside or Correct Sentence and Reply. As set forth below, Petitioner's motion is untimely, he has waived his right to challenge his conviction on collateral review, and he is not eligible for relief from his April 5, 2010, conviction on the merits, in any event.

**BACKGROUND**

As set forth in the Government's earlier filed response to Petitioner's motion, Petitioner James Franklin Yarborough was charged by Information on July 10, 2009, which Information charged that Petitioner had possessed a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Bill of Information. That same day, Petitioner entered into a plea agreement with the

Government, agreeing to plead guilty to the felon-in-possession offense, in exchange for which the Government agreed not to seek an upward departure based on Petitioner's two prior convictions for the same offense and agreed to recommend that Petitioner's sentence run concurrently with his sentence for a supervised-release-violation conviction arising out of Case Number 3:04cr97. Plea Agreement at 1, 3. In the plea agreement Petitioner also agreed, "in exchange for the concessions made by the United States in [the] plea agreement," to "waive[] all rights to appeal or collaterally attack the sentence of conviction," with the exception of claims based on ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 6-7. After a routine hearing and colloquy conducted pursuant to Federal Rule of Criminal Procedure 11, this Court accepted Petitioner's guilty plea as knowingly and voluntarily entered. Entry and Acceptance of Guilty Plea (Rule 11 Proceeding) at 5. As Petitioner notes in his Supplemental Motion to Vacate, he had earlier been convicted on April 19, 1999 (WDNC Case No. 3:98cr103), and on March 15, 2005 (WDNC Case No. 3:04cr97), of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), receiving sentences of 46 months and 24 months in prison, respectively.

Prior to Petitioner's sentencing hearing, the probation officer submitted a Presentence Report ("PSR"). Based on a total offense level of 13 and a criminal history category of IV, the probation officer calculated an applicable Sentencing Guidelines range of imprisonment of between 24 and 30 months. PSR at 17. In the section of the report dedicated to Petitioner's extensive criminal history, the probation officer noted that, at the time the PSR was prepared, Petitioner had charges pending in North Carolina state court for assault with a deadly weapon with intent to kill or inflict serious injury, kidnaping, robbery, and assault on a government

2

official, among others. *See id.* at 9-10. This Court ultimately sentenced Petitioner to 30 months in prison, at the high end of the applicable Guideline range, entering its judgment on April 5, 2010. Judgment at 2. The Court also ordered that Petitioner's sentence would run concurrently to the sentence imposed upon the revocation of Petitioner's supervised release in Case Number 3:04cr97, which judgment was entered the same day. Petitioner did not appeal.

## ARGUMENT

**I.     Petitioner's claim is not cognizable because he knowingly and voluntarily waived his right to collaterally challenge his sentence in his plea agreement.**

As explained in response to Petitioner's original motion to vacate, in the plea agreement that this Court found was knowingly and voluntarily entered (and which Petitioner does not challenge as either involuntary or unknowing), Petitioner explicitly waived his right to challenge his sentence in a post-conviction proceeding. The Fourth Circuit has made clear that, as with a waiver of a right to appeal, a waiver of a right to collaterally challenge a defendant's sentence is enforceable as long as the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.") In this case, this Court has already determined that plea to have been knowingly and voluntarily entered, and Petitioner's having benefitted from the sentencing concessions made by the Government in accordance with that plea agreement, he is properly held to the promises he made in the plea agreement. Petitioner's claim that his most recent § 922(g)(1) conviction should be vacated because the predicate felony supporting his 1998 § 922(g)(1) conviction was inadequate under this Court's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)

3

(*en banc*), falls squarely within the scope of the appeal waiver. Accordingly, Petitioner has waived his right to collaterally attack his conviction on the basis asserted, and his motion is due to be dismissed.

## II. Petitioner's motion should be dismissed as untimely.

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate,[1] provides, generally, for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Where, however, a defendant asserts a claim for relief based on a right established by a Supreme Court decision that was decided after the date on which his judgment of conviction became final, subsection 3 of paragraph 6 provides that the one-year time period runs from "the date on which the right asserted was recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). As the Supreme Court made clear in *Dodd v. United States*, 545 U.S. 343 (2005), if the Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." *Id.* at 358.

In this case, Petitioner relies on the Fourth Circuit's decision in *Simmons*, not on a Supreme Court decision. Because § 2255(f)(3) applies to Supreme Court decisions and not to decisions of a Court of Appeals that recognizes a new right, it does not serve to re-open the time

---

[1]Second or successive motions to vacate are governed by paragraph 8 of § 2255, which provides for a statute of limitations of one year where the defendant asserts a claim based on a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*, that was previously unavailable. 28 U.S.C. § 2255(h)(2).

period during which Petitioner could file a timely initial motion to vacate. And, because more than a year has elapsed since Petitioner's judgment became final, his petition is untimely.

To the extent Petitioner asserts that his claim is based, not on *Simmons*, but on the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), the Fourth Circuit's decision in *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012), makes clear that *Carachuri-Rosendo* does not apply retroactively to cases on collateral review. *See id.* at 559-60. Therefore, Petitioner's motion is untimely, whether premised on *Simmons* or *Carachuri-Rosendo*.

**III.** **Because Petitioner's most recent § 922(g)(1) conviction was based on an earlier federal felony conviction and because the predicate conviction supporting his initial § 922(g)(1) conviction was valid at the time he committed that offense, Petitioner's claim fails on the merits, even if not waived and even if timely.**

Notwithstanding his two prior federal felony convictions for violations of § 922(g)(1), Petitioner argues that his most recent § 922(g)(1) conviction should be vacated under *Simmons* because he could not have received at least a year in prison for the North Carolina felony conviction that supported his first § 922(g)(1) conviction. As the Fourth Circuit made clear in *United States v. Neal*, 458 F. App'x 246 (4th Cir. 2011) (unpublished), however, Petitioner "is mistaken," because the Fourth Circuit "squarely rejected this line of argument in *United States v. Kahoe*, 134 F.3d 1230 (4th Cir. 1998), holding that any subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect on the date that the defendant possessed the firearm." *Neal*, 458 F. App'x at 248 (citing *Kahoe*, 134 F.3d at 1235). In this case, there is no dispute that Petitioner's 2005 § 922(g)(1) conviction was both punishable by more than one year in prison and in effect

5

when Petitioner committed the § 922(g)(1) offense that resulted in his 2010 conviction. Consequently, his most recent § 922(g)(1) conviction "is proper, notwithstanding the possible effects of *Simmons* on his previous conviction." *Neal*, 458 F. App'x at 248.

## **CONCLUSION**

Because Petitioner's motion to vacate is untimely, because he waived his right to challenge his sentence in a post-conviction proceeding, and because Petitioner's *Simmons* claim fails on the merits, as well as for all of the reasons set forth in the Government's earlier response to Petitioner's motion, the Government respectfully requests that this Court summarily dismiss Petitioner's motion to vacate.

RESPECTFULLY SUBMITTED, this the 10th day of December, 2012.

ANNE M. TOMPKINS  
UNITED STATES ATTORNEY  
s/Amy E. Ray  
Amy E. Ray Bar Number: 22762  
Assistant United States Attorney  
Room 233, U.S. Courthouse  
100 Otis Street  
Asheville, North Carolina 28801  
Telephone: (828) 271-4661  
Fax: (828) 271-4670  
E-mail: Amy.Ray@usdoj.gov  

## CERTIFICATE OF SERVICE

I certify, on this 10th day of December, 2012, that a copy of the foregoing ***Supplemental Response to Petitioner's Motion to Vacate*** was served upon Petitioner by serving his counsel of record through electronic case filing.

                                                s/Amy E. Ray
                                                Assistant United States Attorney
                                                USAO Asheville, NC